## MURPHY v. REDDY.

(Supreme Court, Appellate Division, First Department.    July 2, 1897.)

REVIEW ON APPEAL.

When a case is heard by the court without a jury, and no exceptions to its decision are filed, the judgment cannot be reviewed on appeal.

Appeal from special term.

Action by James D. Murphy against Patrick Reddy. This was a suit in equity to require defendant to remove certain stones placed by him on plaintiff's premises, and was tried by the court at special term. A decision in favor of the plaintiff, stating concisely the grounds upon which the issues were decided, was filed by the court, pursuant to section 1022, Code Civ. Proc., and no exceptions thereto were filed by the defendant.    Defendant appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

M. E. Duffy, for appellant.
M. J. Scanlan, for respondent.

PER CURIAM.    No exceptions being filed, the judgment must be affirmed, with costs.

———

(18 App. Div. 407.)

### BOOTH et al. v. KINGSLAND AVE. BLDG. ASS'N et al.

(Supreme Court, Appellate Division, Second Department.    June 29, 1897.)

1. MECHANIC'S LIEN—CANCELING NOTICE AND SUMMONS.

A motion was made to cancel and discharge of record a notice of mechanic's lien, and the summons, complaint, and notice of pendency of the action to foreclose the same, on the ground that the summons had not been served, and no action had been commenced to foreclose the lien. A reference was ordered to determine the facts, and thereafter an order was entered granting the motion, and directing judgment for the moving party for costs. *Held*, that such judgment was without authority of law, and should be vacated.

2. SUMMONS—AFFIDAVIT OF SERVICE.

Where an affidavit of service of summons is made by the plaintiff's attorney, who states that he is such attorney, and made the service, and appends to the summons his office and post-office address, the absence of a statement of the age and the residence of the affiant may be supplied by the court's knowledge that its officer is over 21 years of age, and by the statement of his office address; and, if the technical defect were fatal, an opportunity to supply the proof should be afforded.

Appeal from special term, Kings county.

Action by William Booth and others against the Kingsland Avenue Building Association and others.    From an order and judgment entered thereon, plaintiffs appeal.    Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

E. B. Barnum, for appellants.
Augustus J. Koehler, for respondents.